UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMANDA F.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-6035-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff Amanda F. seeks review of the Commissioner's determination that she is no longer disabled, arguing that the ALJ failed to properly consider the opinion of a treating physician. Dkt. 10. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

In 2013, the Commissioner issued a decision finding plaintiff disabled beginning in February 2007. Tr. 90-95. In November 2016, the state agency conducted a continuing disability review and concluded that plaintiff had experienced medical improvement and was no longer disabled as of November 14, 2016. Tr. 121, 146. Plaintiff sought review, and, after conducting a hearing, the ALJ issued a decision on November 7, 2018, finding that plaintiff's disability ended

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 1

on November 14, 2016, and that she had not become disabled again since that date. Tr. 10-20. The Appeals Council denied plaintiff's request for review. Tr. 1.

The ALJ used the eight-step evaluation process for determining whether a person's disability has ended. *See* 20 C.F.R. § 404.1594. This process is similar to the five-step initial disability evaluation process, but in addition asks whether the claimant has experienced medical improvement and, if so, whether the medical improvement is related to the ability to work; if there is medical improvement related to the ability to work, the ALJ must reevaluate the claimant's residual functional capacity and determine whether the claimant can perform her past relevant work or, if not, whether she can perform other work. *Id.* The ALJ determined that plaintiff experienced medical improvement as of November 14, 2016; that the medical improvement was related to her ability to work because it increased her residual functional capacity; and that plaintiff was able to perform her past relevant work as an insurance clerk since November 14, 2016, and her disability therefore ended as of that date. Tr. 10-20.

**DISCUSSION**

Plaintiff argues that the ALJ erred in evaluating the opinion of her treating neurologist and sleep specialist, Kimberly Mebust, M.D. Dkt. 10 at 3. In general, the ALJ must give specific and legitimate reasons for rejecting a treating doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

In February 2017, Dr. Mebust wrote that plaintiff had tried and failed a variety of antidepressant medications. She opined that plaintiff's depression was medically refractory and that it has caused her to have difficulties in performing activities of daily living including working in gainful employment. She further opined that plaintiff's negative symptoms of

depression were likely contributing to some degree to her hypersomnia and she had trouble at times even getting out of bed due to depression. Dr. Mebust opined that on a more probable than not basis, it was unlikely that plaintiff would improve and that plaintiff's depression is a lifelong disability for her. Tr. 354.

In January 2018, Dr. Mebust opined that plaintiff's diagnoses, which included sleep apnea resolved with tonsillectomy, periodic limb movement disorder, and possible neuropathy, caused symptoms that included excessive daytime sleepiness, fatigue, obesity, and depression. Tr. 474. Plaintiff had been evaluated and treated since 2005, but despite multiple medication trials to treat the excessive sleepiness and depression, she continued to be symptomatic. Tr. 475. Dr. Mebust opined that plaintiff was not a malingerer and her impairments were reasonably consistent with the symptoms and limitations she described. Tr. 475. She opined that plaintiff should avoid power machines, moving machinery or other hazardous conditions; she should limit or avoid operation of motor vehicles when excessively sleepy; and she may need breaks at unpredictable intervals during the workday due to sleepiness. Tr. 475-76. She opined that plaintiff would have no exertional limitations but would have serious limitations in maintaining attention for two-hour segments, performing at a consistent pace, and dealing with normal work stresses, and she was likely to be absent from work as a result of her impairments more than four times per month. Tr. 476-77. She opined that plaintiff's condition had been disabling since 2005. Tr. 477.

The ALJ considered Dr. Mebust's February 2017 opinion when evaluating the severity of plaintiff's impairments. Tr. 14. The ALJ gave the opinion little weight, noting that the issue of disability is reserved to the Commissioner. *Id.* The ALJ also found that Dr. Mebust's opinion was inconsistent with her own treatment notes, specifically her December 2016 note where Dr.

1 Mebust noted plaintiff's report that her medication provided adequate control of her symptoms

2 of depression, and her March 2018 note that plaintiff wanted to restart the medication she used

3 prior to her pregnancy, which the ALJ found to suggest that the medication had been effective.

4 Tr. 310, 361. In the same discussion, the ALJ gave little weight to Dr. Mebust's January 2018

5 opinion to the extent it pertained to her depression, for the same reason. Tr. 14. The ALJ found

6 that plaintiff had no severe mental impairments. Tr. 14.

7 The ALJ also considered Dr. Mebust's January 2018 opinion when evaluating plaintiff's

8 residual functional capacity. Tr. 18. The ALJ gave the opinion little weight, finding that it was

9 largely inconsistent with Dr. Mebust's own treatment notes, which included a diagnosis of only

10 mild obstructive sleep apnea and a notation that it was unclear whether it was symptomatic for

11 plaintiff or not. Tr. 18. The ALJ also found that the limitations assessed by Dr. Mebust were

12 largely inconsistent with plaintiff's statements to Dr. Rasumssen about her activities. Tr. 18.

13 As the Commissioner points out, plaintiff does not challenge the ALJ's assessment of Dr.

14 Mebust's February 2017 opinion in her opening brief. The Commissioner argues that plaintiff

15 has therefore waived any argument with respect to that opinion. Dkt. 11 at 10. Plaintiff asserts in

16 reply that the ALJ's rejection of the February 2017 opinion is relevant because the ALJ used his

17 rejection of the February 2017 opinion as a reason to reject the January 2018 opinion. Dkt. 12 at

18 1-2. However, the ALJ rejected the January 2018 opinion for the same reason as the February

19 2017 opinion to the extent it pertained to plaintiff's depression, as part of the ALJ's evaluation of

20 plaintiff's severe impairments. Tr. 14. Plaintiff did not challenge the ALJ's evaluation of her

21 depression or the finding that she had no severe mental impairments. Her arguments about Dr.

22 Mebust's January 2018 opinion focus solely on the doctor's opinions about plaintiff's sleep

23

disorders. The Court finds that plaintiff has waived any arguments with respect to the ALJ's assessment of Dr. Mebust's February 2017 opinion.

Plaintiff argues that the reasons the ALJ gave to reject Dr. Mebust's January 2018 opinion are both invalid. Dkt 10 at 4. First, she argues that the ALJ's finding that Dr. Mebust's opinion was inconsistent with her treatment notes was invalid because the ALJ improperly substituted his own interpretation of the notes for the doctor's. *Id.* The ALJ may not substitute his own interpretation of the medical evidence for the opinion of a medical professional. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). But the ALJ relied on Dr. Mebust's own words from her treatment note in finding this inconsistency (e.g., Dr. Mebust's characterization of plaintiff's sleep apnea as mild); he did not provide his own interpretation of Dr. Mebust's notes.

Plaintiff also asserts that Dr. Mebust's treatment note refers to a polysomnogram test, which was designed to evaluate sleep apnea, not hypersomnia, and that Dr. Mebust's opinion was based on hypersomnia as her primary diagnosis. Dkt. 10 at 4. However, in the same note, Dr. Mebust also discussed the results of a multiple sleep latency test conducted after the sleep study, stating that it did not again demonstrate hypersomnia, although she noted that testing over time for idiopathic hypersomnia can be problematic. Tr. 361. She assessed plaintiff with a "prior diagnosis of idiopathic central nervous system hypersomnia but with normal current testing." *Id.* Dr. Mebust thus considered and evaluated plaintiff's hypersomnia in addition to sleep apnea in this treatment note. The ALJ could validly find Dr. Mebust's opinion of limitations due to hypersomnia inconsistent with her assessment of hypersomnia in her treatment note.

Second, plaintiff argues that the ALJ's finding that the limitations assessed by Dr. Mebust were inconsistent with plaintiff's statements to Dr. Rasmussen was not based on

substantial evidence. Dkt. 10 at 5-6. Plaintiff reported to Dr. Rasmussen, in an October 2016 psychological evaluation, that she spent the day caring for her three-year-old child and completing daily chores including preparing meals, completing chores, shopping, and driving; she did not report to Dr. Rasmussen that she needed help completing these tasks. Tr. 295. She reported that she felt energized by Adderall and denied napping during the day. Tr. 294. Dr. Rasmussen opined that plaintiff did not meet the criteria for a psychological diagnosis. Tr. 296.

Plaintiff argues that the ALJ's interpretation of her reports to Dr. Rasmussen is inaccurate, asserting that Dr. Rasmussen noted that plaintiff slept on average 20 hours per day and the ALJ omitted this evidence. Dkt 10 at 6. The Commissioner points out that plaintiff reported to Dr. Rasmussen that she sleeps for an average 8 hours a night and relies on Adderall to wake her up in the morning, and that she can otherwise sleep for up to 20 hours per day. Tr. 294. Plaintiff concedes in reply that this interpretation is more accurate but argues that she nevertheless reported that she felt tired all the time and Dr. Rasmussen concluded that she suffered from fatigue. Dkt. 12 at 7. But the ALJ based his finding on the daily activities she reported, not her report of symptoms to Dr. Rasmussen. Plaintiff has not shown that the ALJ erred in finding that her reports of activities to Dr. Rasmussen were inconsistent with the limitations assessed by Dr. Mebust.

Plaintiff also argues that the ALJ erred by omitting other evidence from his assessment of her daily activities, specifically her hearing testimony. Dkt. 10 at 6. But the ALJ discounted plaintiff's testimony as inconsistent with the objective and other medical evidence, and plaintiff did not challenge that finding.[1] Moreover, plaintiff's argument merely presents an alternative,

---

[1] Plaintiff includes the standards of review that the ALJ must consider the record as a whole, including the evidence that supports and detracts from his conclusion, and that the ALJ may reject the claimant's testimony only by providing specific, clear and convincing reasons. Dkt. 10

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 6

more favorable interpretation of her testimony than the ALJ's. For example, she asserts that based on the ages of her children at the time of the hearing, she had help from the older children to care for the younger ones. Dkt. 10 at 6. But the ALJ was not required to make this inference. Where the ALJ's interpretation of the evidence is reasonable, the Court may not disturb it. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ did not err by failing to include plaintiff's more favorable interpretation of her testimony in his assessment of Dr. Mebust's opinion.

Finally, plaintiff argues that the ALJ improperly relied on minimal activities that do not indicate the ability to perform full-time work. Dkt. 10 at 7. She asserts that the activities the ALJ relied on, which she characterizes as the ability to do a few chores around the house in between naps, do not contradict Dr. Mebust's opinion. *Id.* The ALJ did not find that the activities she reported to Dr. Rasmussen were indicative of the ability to work full time, but that they were inconsistent with the limitations Dr. Mebust opined. In addition, plaintiff denied napping during the day to Dr. Rasmussen, an example of the inconsistency the ALJ found. Tr. 294. An ALJ may give less weight to an opinion that is inconsistent with other evidence in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ validly relied on the inconsistency between plaintiff's reports to Dr. Rasmussen and Dr. Mebust's opinion.

The ALJ provided valid reasons to reject Dr. Mebust's opinion. Because plaintiff has not established error in the ALJ's assessment of the opinion, the Court affirms the ALJ's decision.

---

at 7. But plaintiff did not assign error to the ALJ's evaluation of her testimony and did not present specific arguments challenging the ALJ's reasons for discounting her testimony. Therefore, the Court finds that plaintiff has waived any challenge to the ALJ's assessment of her testimony.

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 7

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 10th day of April, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 8